UNITED STATES, Appellee,

v.

David A. SAWYER, Private, U. S.
Marine Corps, Appellant.

No. 33,965.

NCM 76–2551.

U. S. Court of Military Appeals.

July 23, 1979.

For Appellant: *Captain A. W. Eoff, II,* JAGC, USN (on brief).

For Appellee: *Lieutenant Colonel P. N. Kress,* USMC, *Captain W. D. Blalock,* USMCR (on brief).

Opinion of the Court

PER CURIAM:

The appellant was convicted and sentenced at his general court-martial[1] on August 23, 1976. On September 28, 36 days after trial, the military judge authenticated the 22-page record of trial. On October 27, 29 days after the record had been authenticated, the staff judge advocate completed his 6-page post-trial review. Eleven days later, it was delivered to the defense counsel for opportunity to respond thereto. *See United States v. Goode,* 1 M.J. 3 (C.M.A. 1975). Finally, on November 22, 1976—91 days after completion of the trial and fully 11 days following the earliest date on which the convening authority could have acted after giving the defense counsel 5 days to respond to the review as contemplated in *Goode*—the convening authority signed his action.

Unfortunately, throughout this period of delay, the appellant remained in post-trial confinement, and there is a presumption, therefore, that he was denied speedy review of his court-martial. *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).[2] Equally unfortunate is the inescap-

1. Convicted upon his pleas of conspiracy to commit larceny, larceny, and housebreaking, in violation of Articles 81, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, and 930, respectively, he was sentenced to a bad-conduct discharge, confinement at hard labor for 12 months, and forfeiture of all pay and allowances for 12 months. The convening authority reduced the periods of confinement and forfeiture to 6 months each. The United States Navy Court of Military Review affirmed in an unpublished opinion.

2. The Court there required that the convening authority promulgate his formal action within 90 days of the completion of trial whenever the appellant was under continuous post-trial confinement, or a presumption of denial of speedy

post-trial review would arise, which presumption would "'place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed.'" *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 138, 48 C.M.R. 751, 754 (1974), quoting *United States v. Burton,* 21 U.S. C.M.A. 112, 118, 44 C.M.R. 166, 172 (1971). It is not altogether clear that the Court of Military Review applied the law of this Court in *Dunlap* to the resolution of the case at bar. While that court did couch its conclusion in terms consistent with *Dunlap,* there is considerable disturbing language in the body of the opinion which not only indicates a dislike of the *Dunlap* rule, but a disdain for it sufficient to cause that court not to follow it. However, in light of the

able conclusion that the delay in violation of *Dunlap* resulted from what can only fairly be categorized as administrative meandering and bungling. Reversal must, therefore, follow. *Dunlap v. Convening Authority, supra. See United States v. Banks,* 7 M.J. 92 (C.M.A.1979).

The decision of the United States Navy Court of Military Review is reversed. The findings and sentence are set aside. The charges are dismissed.

COOK, Judge (dissenting):

As I indicated in my separate opinion in *United States v. Banks,* 7 M.J. 92 (C.M.A. 1979), circumstances that may be insufficient to excuse delay in bringing an accused

to trial because they do not qualify as "immediate steps . . . to try him," as required by Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810, may, however, excuse delay by the convening authority in review of a conviction, under the rule propounded in *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). Here, the Court of Military Review determined that, while the convening authority's action was promulgated one day after the *Dunlap* grace period, it was nonetheless timely because the delay resulted from inadvertent miscalculation of the suspense date for the convening authority to act. Accordingly, I would affirm the decision of the Court of Military Review.

Court's admonition in *United States v. Heflin,* 1 M.J. 131, 132–3 n. 6 (C.M.A.1975), we assume that disposition below followed application of the *Dunlap* standard.