**UNITED STATES**

v.

**Aramis FIGUEROA, 040 58 4121, Fireman Apprentice (E–2), U. S. Navy.**

**NCM 79 1509.**

U. S. Navy Court of Military Review.

Sentence Adjudged 2 April 1979.

Decided 14 Feb. 1980.

LT Larry A. McCullough, JAGC, USNR, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and DONOVAN, JJ.

FERRELL, Judge:

Appellant was tried by a special court-martial, military judge alone, on 2 April 1979. In accordance with his pleas he was found guilty of three specifications of unauthorized absence and, contrary to his pleas, guilty of another specification of the same offense, all in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. Appellant was sentenced to confinement at hard labor for 4 months, forfeiture of $250.00 pay per month for 4 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged on 17 May 1979. The supervisory authority approved the sentence on 2 July 1979, 91 days after trial.

Appellant has assigned as error the following:

THE SUPERVISORY AUTHORITY ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY NOT TAKING HIS FINAL ACTION WITHIN 90 DAYS OF THE DATE OF TRIAL AND FAILING TO DISMISS THE CHARGES.

The appellate defense counsel has argued, in his brief as well as during oral argument, that a presumption of denial of speedy disposition of a case will arise when the accused is continuously under restraint after trial and the formal and final action is not promulgated within 90 days of the initial date of such restraint after completion of the trial. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). *See United States v. Brewer*, 1 M.J. 233 (C.M.A.1975); *United States v. Banks*, 7 M.J. 92 (C.M.A.1979); *United States v. Sawyer*, 7 M.J. 195 (C.M.A.1979); *United States v. Johnson*, 7 M.J. 473 (C.M.A.1979) (summary disposition).

The appellate Government counsel disagrees and contends that the assignment is without merit on the basis of the decision by this Court in *United States v. Johnson*, No. 79 1195 (N.C.M.R. 6 November 1979) (unpublished).

The United States Court of Military Appeals decided in *Banks*, on 18 June 1979, that the inflexible rule formulated in *Dunlap* was no longer required and reinstituted the rule which utilizes a test for prejudice when the convening authority of a general court-martial and the supervisory authority of a special court-martial acted more than 90 days after trial where the appellant had been in continuous confinement.

There is no dispute concerning the meaning of the decision in *Banks*, but the case *sub judice* turns on the effective date of the Court of Military Appeals decision. Appellant contends that the test for prejudice rule announced in *Banks* applies only to cases tried after 18 June 1979, the date of that opinion. They base their argument on a portion of the opinion which states:

However, in cases tried subsequent to this opinion, applications for relief because of delay of final action by the convening authority will be tested for prejudice.[1]

*United States v. Banks, supra* at 93–4. In support of the assigned error, appellant cites *United States v. Sawyer, supra*, decided 23 July 1979, and *United States v. Johnson, supra*, decided 14 September 1979, in which the United States Court of Military Appeals set aside the findings and sentence in cases in which the required action was not taken within 90 days. The Court of Military Appeals decisions in these cases appear to be based on the rule formulated in *Dunlap*.

The Government contends that the decision in the case *sub judice* should be based on the test for prejudice rule as enunciated in *Banks*, relying on that portion of the *Banks* opinion which states that:

inflexible application of the rule to cases such as are included in the certified question shall not be required from and after the date of this decision.

*United States v. Banks, supra* at 93. The Government counsel, in response to appellate defense counsel's contention, maintains that the decisions of the Court of Military

---

1. We interpret this to mean convening authority in general court-martial cases and supervisory authority in special court-martial cases.

Appeals in *Johnson* and *Sawyer* are not persuasive as to the effective date of *Banks*, arguing that those cases were pending review by the Court at the time and were disposed of according to the principle that cases pending review at the same time and presenting the same issues are entitled to the same review and result. *Brant v. United States*, 19 U.S.C.M.A. 493, 42 C.M.R. 95 (1970).

This Court, in *Johnson*, No. 79 1195 (N.C. M.R. 6 November 1979), citing *Banks*, applied the test for prejudice rule and approved that case in which the supervisory authority did not act within 90 days after trial. We agree with the result reached in *Johnson* but for the reasons set forth below.

■ We find no inconsistency in *Banks* as to the effective date established for its implementation. The test for prejudice rule is understood to apply to all cases after 18 June 1979, the date the Court decided *Banks*, since "inflexible application of the rule to cases such as are included in the certified question [action taken by convening authority 91 days after commencement of post-trial confinement but where no prejudice is alleged to have occurred] shall not be required from and after the date of this decision." *United States v. Banks, supra* at 93. The Court of Military Appeals, however, in applying this rule to cases already tried and in the review process, will consider and apply the test for prejudice rule even though the "application for relief", *Id.* at 94, contains no claim of prejudice other than that the action of the convening or supervisory authority was taken more than 90 days after trial.[2] The "application for relief" in those cases tried after *Banks* will be "tested for prejudice" but must demonstrate how the applicant was prejudiced, rather than relying solely on a failure to abide by a stark, solely numerical rule formulated in *Dunlap*, as was done in the case *sub judice*. We believe that the opinion in

*Banks* is thus internally consistent with the interpretation we adopt. The Court of Military Appeals has very judiciously modified the mechanical rule based on the passage of time to restore the law to its state prior to *Dunlap*, where prejudice because of the delay must be demonstrated, and applied it to *all cases* tried after the date *Banks* was decided while at the same time preserving the right of service personnel whose cases are presently under appellate review to have their cases considered under the *Banks* rule by applications which have alleged only a failure to take action within the 90-day period prescribed by *Dunlap*. Applications in cases tried after *Banks* must, however, set forth how the appellant was prejudiced when the action was not taken in a timely manner.

■ We have therefore applied the test for prejudice rule in this case. We find no prejudice to the appellant. Accordingly, the findings and sentence as heretofore approved are affirmed.

Chief Judge CEDARBURG and Judge DONOVAN concur.

---

2. We recognize and note the significant difference in the review function of this Court which requires that in cases referred for our consideration that we affirm only those findings and sentence or partial sentence which are correct in law and fact and which we determine, on the basis of the entire record, should be approved,

Article 66(c), UCMJ, 10 U.S.C. § 866(c), and the appeal function of the Court of Military Appeals which, in the case of initiation by an accused, results from the grant of a petition on good cause shown. Article 67(b)(3), UCMJ, 10 U.S.C. § 867(b)(3).