## UNITED STATES

v.

**Rickey Lee TAYLOR, 424 82 0046, Mess Management Specialist Seaman Recruit (E–1), U. S. Navy.**

**NCM 79 1392.**

U. S. Navy Court of Military Review.

Sentence Adjudged 6 April 1979.

Decided 30 June 1980.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before GREGORY, GLADIS and MICHEL, JJ.

MICHEL, Judge:

Contrary to his pleas, appellant was convicted of multiple offenses in violation of Articles 91, 116, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 891, 916, 928, and 934. On 6 April 1979, he was sentenced by a special court-martial military judge to confinement at hard labor for 6 months, forfeiture of $150.00 pay per month for 6 months, and a bad-conduct discharge. On 25 May 1979, prior to record authentication and pursuant to a defense request, the military judge conducted an Article 39a, UCMJ, 10 U.S.C. § 839a hearing during which he considered a defense motion for a reduction of appellant's sentence. Verbalizing that the sentence, as originally imposed, was "unduly harsh," he reduced that sentence to confinement at hard labor for 3 months and 29 days, forfeiture of $150.00 pay per month for 4 months, and a bad-conduct discharge. Thereafter, the convening and supervisory authorities, on 18 June 1979 and 17 July 1979 respectively, approved the sentence originally imposed by the military judge. On 19 July 1979, a petition for Extraordinary Relief was filed in this Court. That petition was denied. *See Taylor v. Kurth*, Misc. Doc. No. 79–12 (NCMR 8 August 1979). Appellant's

case is now before the Court for normal review. *See* Article 66, UCMJ, 10 U.S.C. § 866.

The first two assignments of error are devoid of merit. We are convinced that the military judge did not err in failing to grant a trial defense motion for a finding of not guilty with respect to specifications 4, 5, and 7 of Charge I. There is ample evidence of record to reflect appellant's guilt of these offenses beyond a reasonable doubt. We are also convinced that the supervisory authority did not commit prejudicial error by failing to take his action within 90 days after appellant was sentenced. Appellant has alleged no prejudice and we find none. *See United States v. Banks*, 7 M.J. 92 (C.M.A.1979); *United States v. Figueroa*, 8 M.J. 802 (N.C.M.R.1980); *United States v. Johnson*, No. 79 1195 (NCMR 6 November 1979).

Appellant also alleges, as he did in his petition for extraordinary relief, that the convening and supervisory authorities acted erroneously and prejudicially when they approved appellant's sentence as initially imposed by the military judge. Appellant concedes that there is no authority within the military criminal justice system for a military trial judge to entertain and rule upon a motion for reduction of sentence; however, he analogizes the instant questioned proceeding to that utilized in Federal district courts under the auspices of Rule 35, Federal Rules of Criminal Procedure, and bootstraps his assertion by reliance upon the broad language found in *Chenoweth v. Van Arsdall*, 22 U.S.C.M.A. 183, 186, 46 C.M.R. 183, 186 (1973) and *United States v. Knudson*, 4 U.S.C.M.A. 587, 590, 16 C.M.R. 161, 164 (1954).

While we agree that the one-time law officer was later designated a "military judge" with "the functions and powers more closely allied to those of Federal district judges," S.Rep.No.1601, 90th Cong., 2d Sess. 3, *reprinted in* [1968] U.S.Code Cong. & Admin.News, pp. 4501, 4503–4, we do not agree that this professional elevation carried with it the inherent power of a military trial judge to downgrade a court-martial sentence after its announcement.

The present *Manual* provision recognizes that the members of a court-martial may, within the limits prescribed by paragraph 76—relating to ambiguities, apparent illegalities, mandatory sentences, and errors made in announcing the sentence as actually determined by the court—reconsider a sentence *sua sponte* at any time before the record of trial has been authenticated and transmitted to the convening authority. *See* paragraph 76c, *Manual for Courts-Martial 1969 (Rev.)* (MCM). Except for the last above enumerated limitation, this subparagraph is the precise image of its ancestor. *See* paragraph 76c, *Manual for Courts-Martial, 1951.* The advent of the Military Justice Act of 1968 necessitated far-ranging modification of the current *Manual,* including subparagraph 76c. That subparagraph, as modified, contains four references to "the military judge." In addition, the basic paragraph 76 was concomitantly further modified, *inter alia,* by the inclusion of a new subparagraph 76d (relating to the procedure for reconsideration by a court-martial with members) and a new subparagraph 76e (providing procedures to be followed when an accused is sentenced by a military judge). Review of the pertinent legislative history has failed to disclose the genesis of these two new subparagraphs; however, that history does reflect an appreciation of the principle that the time limit within which a sentence may be reconsidered is substantially a part of the rule making power of the President under Article 36, UCMJ, 10 U.S.C. § 836. *See* U.S.Code Cong. & Admin.News, *supra* at 4513. In that the President chose to assign various functions and associated authority and responsibility to the military judge within the scope of the modified and additional provisions of paragraph 76, while at the same time refraining from addressing the power of a military judge to reconsider a sentence once announced, we must presume that the latter authority was intentionally withheld. The exercise of the President's power to withhold this authority is lawful unless it conflicts with other provisions of the Code or *Manual* or another recognized principle

of military law. *See United States v. Johnson*, 19 U.S.C.M.A. 464, 466, 42 C.M.R. 66, 68 (1970); *United States v. Villasenor*, 6 U.S.C.M.A. 3, 7, 19 C.M.R. 129, 133 (1955). Finding no such conflict, we conclude that only a court-martial composed of members may reconsider a sentence on its own motion at any time prior to authentication and transmittal of the record of trial to the convening authority. Even assuming *arguendo* a contrary result which would vindicate appellant's underlying premise here, the military judge's reason for entertaining and ruling upon appellant's post-trial motion for a reduction of sentence in this case was *dehors* the permissible scope of paragraph 76c, *supra*, and was thus an unlawful usurpation of judicial authority.

An act such as we presently confront undercuts the review powers of the convening and supervisory authorities as well as subsequent review entities and represents an unlawful exercise of judicial power within a legal framework which is quite different from that which underlies trials and appeals within the larger federal criminal justice system. *Cf., e. g., United States v. Rivera*, 6 M.J. 535 (N.C.M.R.1978); *United States v. Nordstrom*, 5 M.J. 528 (N.C.M.R. 1978). While one convicted of a criminal offense in federal court is not afforded automatic post-trial protections which might well negate his conviction and sentence in whole or in part, a sentenced military member stands upon quite a different footing. *See* Articles 60, 61, 64–67, and 69, UCMJ, 10 U.S.C. §§ 860, 861, 864–867, and 869. Absent express authority to the contrary, we decline to accept the proposition that a military judge may unilaterally inject himself into the structured scheme envisioned by Congress as the vehicle to be utilized for legal and equitable post-trial relief by those perceived as best able to determine if such relief is required or would otherwise serve the ends of justice. Because the military judge here had no power to reduce appellant's sentence, that action was a legal nullity. It follows therefore that the failure of the convening and supervisory authorities to take their respective actions based on that reduced sentence was not error.

Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Senior Judge GREGORY concurs.

GLADIS, Judge (concurring/dissenting):

I join the majority in rejecting the accused's first and second assignments of error and in affirming the findings of guilty. Although I agree that under the circumstances of this case the military judge had no authority to reduce the sentence he had adjudged, I dissent from the majority's affirmance of the sentence because the judge impeached his sentence when he stated that the sentence he had originally imposed was unduly harsh. The sentencing authority is responsible for adjudging a fair and just, that is, an appropriate sentence. *See United States v. Cavallaro*, 3 U.S.C.M.A. 653, 14 C.M.R. 71 (1954). *Cf. United States v. Atkins*, 8 U.S.C.M.A. 77, 23 C.M.R 301 (1957). In order to purge the error, I would affirm only so much of the sentence as provides for a bad-conduct discharge and confinement at hard labor for 3 months and 29 days.