220

UNITED STATES, Appellee,

v.

Jackie MITCHELL, Specialist Four, U. S. Army, Appellant.

No. 36,866.

CM 437080.

U. S. Court of Military Appeals.

Jan. 26, 1981.

For Appellant: *Captain Julius Rothlein* (argued); *Major Charles A. Byler* (re-argued); *Major Benjamin A. Sims, Captain Richard E. Connell, Captain Willard E. Nyman, III* (on brief); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Captain William B. Ramsey.*

For Appellee: *Captain Brian X. Bush* (argued), *Captain Paul G. Thomson* (rear-gued); *Colonel R. R. Boller, Major Michael B. Kennett, Major David McNeill, Jr.* (on brief); *Colonel Thomas H. Davis, Captain Michael J. Wall, Captain Margaret R. LaFrance.*

OPINION

COOK, Judge:

Pursuant to accused's pleas of guilty, a general court–martial at Fort Dix, New Jersey, convicted him of unpremeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918, and adjudged a sentence that included a dishonorable discharge and confinement at hard labor for 25 years.

As 94 days elapsed between accused's conviction and his immediate post–trial confinement on January 31, 1978, and the convening authority's action on May 5, 1978, the accused contends that when the circumstances of the convening authority's review are considered with the presumption of prejudice that attaches to action taken by the convening authority more than 90 days after the initiation of post–conviction confinement, as promulgated in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), the review of his case was untimely and he is entitled to reversal of the conviction and dismissal of the charge. We conclude that the assignment of error lacks merit.

In *United States v. Banks*, 7 M.J. 92 (C.M.A.1979), the Court abrogated the *Dunlap* presumption, but did not deny Banks the benefit of it. *Id.* at 93–94. Nor did the Court deny the presumption to accused in other cases then pending in the Court on the same issue. *See United States v. John-*

son, 7 M.J. 473 (C.M.A.1979); *United States v. Mosley* and *United States v. Tucker*, 7 M.J. 209 (C.M.A.1979); *United States v. Sawyer*, 7 M.J. 195 (C.M.A.1979).

At least four days of the 94–day period are excludable from the time chargeable to the Government. I am satisfied that that segment of time "resulted from inadvertent miscalculation of the suspense date for the convening authority to act," which, in the particular circumstances of the case, excused the delay. *See* my opinion in *United States v. Sawyer, supra* at 196. My Brothers are convinced, for other reasons, that the *Dunlap* presumption of prejudice is inapplicable. Absent the presumption, we find no evidence of prejudice to the accused resulting from the time required by the convening authority to review the record of trial and act on the case.

The decision of the United States Army Court of Military Review is affirmed.

EVERETT, Chief Judge (concurring in the result):

I agree with the principal opinion, since there were periods of delay in the post–trial review for which the Government is not chargeable. When these are subtracted, the total period of delay attributable to the Government is below the 90 days which give rise to the presumption of prejudice recognized in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). In any event, as I have made clear elsewhere, *see United States v. Johnson*, 10 M.J. 213 (C.M.A.1981) (Everett, C. J., concurring in the result), I would not apply the *Dunlap* presumption of prejudice in any case reviewed by this Court subsequent to *United States v. Banks*, 7 M.J. 92 (C.M.A. 1979).

FLETCHER, Judge (concurring in the result):

I concur in the result but do not, under the facts of this case, reach the question of the effect of *United States v. Banks*, 7 M.J. 92 (C.M.A.1979), on the law as set out in *Dunlap v. Convening Authority*, 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974).

The law before *Dunlap v. Convening Authority, supra*, applied by the Court in *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973), and *United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973), the law announced in *Dunlap v. Convening Authority, supra*, and the statements by the majority in *United States v. Banks, supra*, under the facts of this case lead to the single conclusion: The Government was diligent.