**UNITED STATES**

v.

**Airman First Class Norman Steve SPONSELLER, FR 287–56–3548 United States Air Force.**

**ACM 22626 (recon).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 31 May 1979.

Decided 28 Jan. 1981.

DECISION UPON RECONSIDERATION

PER CURIAM:

Upon original review of the record of trial in this case, this Court, by its decision dated 16 September 1980, 10 M.J. 775, affirmed the findings of guilty and the sentence. On 22 October 1980, by a divided court, we granted a motion by appellate defense counsel to reconsider our decision and specified two additional issues.

Appellate defense counsel in their initial brief and in the motion for reconsideration argue that the military judge erred in not

instructing on the defense of agency as to certain sale offenses. In their brief in response to specified issues, they also question the adequacy of the entrapment instruction.

The defense theory of the case, based on the accused's testimony, was that successive sales and use of marijuana, as well as possession and conspiracy to sell, resulted from entrapment by a government informant. The government hotly contested this defense theory, and the testimony at trial on this question strongly conflicted. The accused was represented vigorously at trial by two civilian counsel and a military defense counsel. The military judge fully instructed the court members on entrapment as a defense, and the court members, rejecting the accused's version, convicted him as charged. Defense did not object to the entrapment instructions. At trial, defense counsel apparently did not believe agency was raised as they did not argue or request an instruction on the affirmative defense of agency.

■ After further consideration, we remain satisfied that the defense theory of the case was adequately covered by the military judge's instructions. Moreover, the question of any deficiency in the instructions, which the defense now claims as error, should have been presented to the trial judge. He would then have had an opportunity to further tailor or supplement the instructions. It is too late now to inject any new defense theories into the case. *See United States v. Salley*, 9 M.J. 189 (C.M.A. 1980); *United States v. Franklin*, 4 M.J. 635 (A.F.C.M.R.1977), *pet. granted*, 5 M.J. 83 (C.M.A.1978).

Having reconsidered, we adhere to our original decision.

MAHONEY, Judge (concurring):

I concur. In my view, as honed down during our reconsideration, the principal question was neither entrapment nor agency, but whether, on the accused's version of the facts, what transpired constituted a "sale" (*viz.*: was there a change in title, or ostensible title, or did the contraband at all times "belong" to the government, through its agents?).

Upon request to the trial judge, I believe the accused would have been entitled to an instructional definition of the term "sale", appropriately tailored to the conflicting evidence presented. However, I find no fault with the accused's representation at trial. On the contrary, the defense team chose the most viable position and litigated it ably. Even in retrospect, I find no indication that such an instruction could have aided the accused's cause.