UNITED STATES, Appellant,

v.

Davern E. BANKS, III, Private, U. S. Army, Appellee.

No. 33,575.

SPCM 12252.

U. S. Court of Military Appeals.

June 18, 1979.

For appellant: *Captain Johnny D. Mixon* (argued); *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Captain Ralph E. Sharpe* (on brief).

For appellee: *Captain William C. Kirk* (argued); *Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Major Steven M. Werner* (on brief).

Opinion of the Court

PERRY, Judge:

██ The Judge Advocate General of the Army has certified for review [1] the correctness of the decision of the United States Army Court of Military Review. dismissing the charges of larceny as well as assault and battery,[2] and vacating the findings of guilty and the sentence thereon. The decision of the Court of Military Review was based upon the Government's confession of error and tacit admission that no extraordinary circumstances prevented completion of the review and action by the convening authority prior to expiration of 90 days after the finding of guilty, as required by *Dunlap v. Convening Authority,* 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974). The Court of Military Review held:

> Because appellant was in post-trial confinement for 91 days before the convening authority took action on this case, and the government counsel has been unable

1. Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(2).

2. In violation of Articles 121 and 128, UCMJ, 10 U.S.C. §§ 921 and 928 respectively.

to meet its " 'heavy burden . . . to show diligence . . . the charges should be dismissed.' " *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 138, 48 C.M.R. 751, 754 (1974).*

* Government appellate counsel confess the error in this case. However, they urge that the charges should not be dismissed as the appellant has suffered no prejudice. The government's argument has practical merit but unfortunately it is not backed with the force of the present law. *See Dunlap, supra.*

The findings of guilty and the sentence are set aside and the charges are dismissed.

In the question certified to us by the Judge Advocate General, we are asked to decide whether the rule established in *Dunlap v. Convening Authority, supra,* required automatic dismissal of charges in this case "where the accused received a fair trial free from error, was found guilty beyond a reasonable doubt and where the delay of 91 days in the review of the conviction by the convening authority caused him to suffer absolutely no prejudice." The certified question expresses the frustration of the services over the inflexibility of the *Dunlap* rule. However, the Court of Military Review was correct in its reading of the *Dunlap* requirement. Upon full examination of the Uniform Code of Military Justice; the decisions of this Court preceding announcement of *Dunlap v. Convening Authority, supra*; and with deference to the former members of this Court who formulated the *Dunlap* requirement, inflexible application of the rule to cases such as are included in the certified question shall not be required from and after the date of this decision.

No useful purpose would be served by reviewing the many cases and the circumstances which convinced the *Dunlap* Court concerning the need for the rule announced therein. It will suffice to note that *Dunlap* came in response to a problem which frequently manifested itself where the convening authority delayed his final action. *See* generally *United States v. Jefferson,* 22 U.S.C.M.A. 554, 48 C.M.R. 39 (1973); *United States v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); *United States v. Timmons,* 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973); *United States v. Wheeler,* 21 U.S.C.M.A. 468, 45 C.M.R. 242 (1972); *United States v. Whitmire,* 21 U.S.C.M.A. 268, 45 C.M.R. 42 (1972); *United States v. Davis,* 20 U.S.C.M.A. 541, 43 C.M.R. 381 (1971); *United States v. Prater,* 20 U.S.C.M.A. 339, 43 C.M.R. 179 (1971). However, convicted service persons now enjoy protections which had not been developed when *Dunlap* was decided. For example, in *United States v. Palenius,* 2 M.J. 86 (C.M.A.1977), we announced duties on the part of the trial defense attorney which are designed to insure a continuous, uninterrupted representation of the convicted accused service person. Performance of those functions may well remove the causes which concerned the *Dunlap* Court. And in *United States v. Brownd,* 6 M.J. 338 (C.M.A.1979) we announced standards by which applications for deferment of sentence are to be judged in appropriate cases. Thus the serviceman awaiting final action by the convening authority may avail himself of remedies during the pendency of review which were not clear when *Dunlap* was decided.

With respect to the instant case, we answer the certified question in the affirmative.[3] *Dunlap v. Convening Authority, supra.* However, in cases tried subsequent to

3. The only vehicle by which review at this level may be accomplished of a case disposed of by a Court of Military Review adverse to the Government is where the case is ordered sent to us by a Judge Advocate General. Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2). Even then, our review "need be taken only with respect to the issues raised by" the Judge Advocate General. Article 67(d), UCMJ, 10 U.S.C. § 867(d). Of course, the Court may specify an issue in such a case not raised by the Judge Advocate General, just as it may in a case before the Court upon petition of an accused. However, in a case before the Court in a posture as is this case—solely upon a question certified to us by a Judge Advocate General—any relief prayed for by the Government must be through the certified question. Thus, in a case such as this, where the Judge Advocate General asks whether the Court of Military Review correctly applied the controlling law in the appellant's favor, an affirmative answer to the question terminates any legal basis for Government relief and any announced change in the law must be prospective.

this opinion, applications for relief because of delay of final action by the convening authority will be tested for prejudice. *See United States v. Gray,* 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

When a rule has outlived its purpose or experience demonstrates it is seriously flawed in operation, certainly it should be vitiated or altered, as the situation requires. *See* my separate opinion in *United States v. Torres,* No. 36,509, 7 M.J. 102 (C.M.A. 1979), and *United States v. Guilbault,* 6 M.J. 20, 23 (C.M.A.1978). However, I am not persuaded by anything said in the principal opinion to abandon the *Dunlap*[1] rule, even considering the burden on the commander's capability of compliance recently added by this Court. *See* my separate opinion in *United States v. Iverson,* 5 M.J. 440, 445 (C.M.A.1978).

Probably every rule has its proponents and detractors. The present rules on speedy disposition of charges, civilian as well as military, are not excepted. Recently, a United States District Judge held that the Federal Speedy Trial Act violates the constitutional conception of separation of Legislative, Executive and Judicial powers. In a statement to the Subcommittee on Manpower and Personnel of the Senate Armed Service Committee, General Bernard Rogers, Chief of Staff of the Army, remarked that the military rule "does not

appear to be an unreasonable one," but he maintained that this Court's "application of the rule has been unreasonable." Whether this Court has or has not been too rigid in its application of the rule is a different matter, involving different considerations. Except for my Brothers' decision to scrap *Dunlap,* some comment on the difference might have been helpful. Suffice it to observe that the rule on pretrial delay expounded in *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), and the *Dunlap* rule are similar in a number of ways, but they are also different and the difference dictates that what may not be good cause to excuse delay before trial may be good cause for delay by the convening authority when acting on the record of a conviction.

I believe *Dunlap* accords with the manifest concerns of the Uniform Code for speedy disposition of charges and that it is sound. What is needed to make its application irreproachable is a realistic appraisal of the necessity to confine an accused immediately after conviction, and a commitment by all involved in the administration of military justice to the Code's concerns. *See* my separate opinion in *United States v. Brownd,* 6 M.J. 338, 341 (C.M.A.1979).

For the reasons indicated, I disagree with my Brothers' abandonment of the *Dunlap* rule. I join in answering the certified question in the affirmative, and I join in affirming the decision of the Court of Military Review because of the Government's failure, or refusal, to offer any excuse for its delay.

1. *Dunlap v. Convening Authority,* 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974).