# UNITED STATES

### v.

## Technical Sergeant Charlie BREWER, Jr., FR 422–58–9791, United States Air Force.

### ACM 22574.

U. S. Air Force Court of Military Review.

13 March 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

## DECISION

POWELL, Judge:

The accused was tried on 2–7 May 1979 by general court-martial with members and, contrary to his pleas, was found guilty of conspiracy to sell and wrongful sale of 4.75 kilograms of marijuana in hashish form in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C.A. §§ 881, 934. The adjudged and approved sentence was a bad conduct discharge, confinement at hard labor for two years, a fine of $5,000.00 with additional confinement at hard labor for one year in lieu of payment of the fine, and a reduction to airman basic.

Appellate defense counsel assign four errors. We have carefully considered the first three errors and resolve them adversely to the accused. The fourth error assigned merits discussion. It is:

THE 99 DAY DELAY BETWEEN SENTENCE AND THE CONVENING AUTHORITY'S ACTION IS PREJUDICIAL *PER SE* IN ACCORDANCE WITH *DUNLAP V. CONVENING AUTHORITY.* [23 USCMA 135, 48 CMR 751 (1974).]

In *Dunlap, supra,* the United States Court of Military Appeals declared:

[A] presumption of a denial of speedy disposition of the case will arise when the accused is continually under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial. . . . '[T]his presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed.'

In the case under review, the accused was in continuous post-trial confinement from 7 May 1979, the date the sentence was adjudged, to 14 August 1979, the date the convening authority took his formal action. This period totaled 99 days. On its face, this presents a violation of *Dunlap* which requires what has been termed the "automatic" dismissal of the charges and specifications.

Appellate Government counsel correctly point out that in the recent case of *United States v. Banks*, 7 M.J. 92 (C.M.A.1979), decided 18 June 1979, the United States Court of Military Appeals "scrapped" the inflexible application of the *Dunlap* rule and returned to the pre-*Dunlap* "test for prejudice rule." *United States v. Banks, supra*, at 94; see *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973). Initially, we are faced with the question of the applicability of the *Banks* opinion to this case under review. If we apply *Banks*, we must test the post-trial delay for prejudice to the accused using the standard of *Gray, supra*.[1] If *Dunlap* applies, we must analyze the delay to determine accountability therefor and, if required, whether the Government demonstrated diligence in the post-trial processing.

Government counsel initially conceded that "technically" this case remains subject to the *Dunlap* rule because of language in the *Banks* opinion which indicates its holding applies prospectively to cases *tried* after 18 June 1979, the date of the opinion. However, they contend that the effective date for applying the standard which relates to post-trial processing, more reasonably, should relate to the date of the convening authority's action rather than the date of trial. Further, on motions granted, they have filed for our consideration as supplemental authority, the unpublished decision of the United States Navy Court of Military Review in the case of *United States v. Johnson*, No. 791195/S, (NCMR 6 November 1979); Court of Military Appeals Daily Journal No. 79–239, page 1, reflecting a certificate of review filed by The Judge Advocate General of the Navy in the *Johnson* case; and Brief on Behalf of the United States filed by Navy appellate Government counsel in the case before the Court of Military Appeals.

In *Johnson*, the trial of the case, the review, and the action of the supervisory authority pre-dated the *Banks* opinion and the supervisory authority took his action on the 91st day of the accused's confinement following trial. In its decision, the Navy court noted the language in *Banks* which states:

[I]n cases tried subsequent to this opinion, applications for relief because of delay of final action by the convening authority will be tested for prejudice.

*Banks, supra*, at 93–94. It contrasted this conclusional terminology with preceding language in the opinion stating that the inflexible application of the *Dunlap* rule "shall not be required from and after the date of this decision." The Navy court concluded:

Since the *Dunlap* rule applied only to post-trial actions and had no impact whatsoever on the trial itself, we are convinced that this second quote reflects the true intent of the Court, that is, not to require the application of *Dunlap* to cases presently undergoing review. . . We believe the language in *Banks* concerning 'cases tried subsequent to this opinion' was an inadvertent use of a phrase normally reserved for rule changes that affect the conduct of the trial itself and thus did not reflect the real intent of the court.

The court found no prejudice and affirmed. In the Navy appellate Government counsel's brief, they argue that "neither the *Dunlap* rule nor any future application for relief because of asserted untimely post-trial action by the convening authority have any relevance whatsoever to the trial itself." We consider the citation of this supplemental authority as intended support of the Government's position in the case before us.

---

1. *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973), provides: "This court has ruled that before ordering a dismissal of the charges because of post-trial delay there must be some error in the proceedings which requires that a rehearing be held and that because of the delay appellant would be either prejudiced in the presentation of his case at a rehearing or that no useful purpose would otherwise be served by continuing the proceedings. See *United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973), and cases cited therein." The record before us does not disclose any evidence or information which would satisfy this test for prejudice to the accused warranting dismissal.

■ We do not attribute to the Court of Military Appeals such inadvertence. The language that the Navy Court of Military Review accepts as reflecting the real intent of the Court appears in the first paragraph of the opinion in which the history of the case and the explanation of the certified question are set forth. We believe the quoted language only generally presages relief in future cases. It is unreasonable to conclude that the Court would choose this imprecise wording to implement a significant change to a rule which had been strictly enforced in military jurisprudence for over five years. The more precise language applying the change to "cases tried subsequent to this opinion" appears in the conclusion of the opinion immediately after the Court answers the certified question and immediately before the final paragraph which announces the ultimate disposition of the case. That the Court would fashion the new rule there, is a construction that is more acceptable to us.

Despite the position of the Navy court and Government counsel, we see real significance to the selection of the date of trial as the controlling date. An accused's sentence is adjudged at trial and, unless suspended or deferred, the period of any confinement begins to run from that date. Article 57(b), Code, 10 U.S.C.A. § 857, *supra*. An accused's expectancy of military due process to assure him a speedy review and action on his conviction and sentence vests at trial and becomes critical when he is placed in confinement as a consequence of the trial results. More than any other single factor, confinement pending initial review and action is the event that signals concern for timely processing. See *United States v. Slama*, 1 M.J. 167, 169 (C.M.A.1975). It is at trial and immediately thereafter that extended representation by counsel exacted by *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977), and consideration of application for deferment of confinement under the standards of *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979), are expressly pertinent and relevant to the appellate process. It was the development of the protections afforded by these cases that the Court cited

in *Banks*, as a basis for returning to pre-*Dunlap* rules. In *Banks*, by selecting the date of trial, the Court insured that the change would be implemented uniformly and, we think, fairly. The standards for timeliness of review, action and appellate processing would be known and fixed at the time any confinement could be adjudged, suspended, deferred or served.

We conclude that the law of *Dunlap* is applicable to this case. We must now examine the post-trial chronology to determine if there is a violation of the 90-day rule, and, if so, whether the Government has sufficiently demonstrated diligence to overcome the presumption against it.

Government representatives contend that, because 12 of the 99 days were not attributable to the Government (thus reducing the period to 87 days) the presumption of denial of a speedy review does not attach. These 12 days are allocated to two separate events. The first is the military judge's authentication of the record of trial. The second is a request by the defense to delay the convening authority's action to permit consideration of additional clemency matters.

■ The file indicates that on 7 July 1979 the record was mailed from Spain, the site of the trial, to Rhein-Main Air Base, Germany, the station of the military judge, where it was received on 11 July 1979. The military judge authenticated the record on 12 July 1979 and on 13 July 1979 mailed it to the convening authority's headquarters where it was received on 16 July 1979. The Government asserts that it is not accountable for 7 days of mail time to effect the authentication. We disagree.

We do not consider the time consumed in early July to authenticate the record of trial to be an unforeseeable or extraordinary circumstance which was beyond the control of the Government. We believe the time to effect such known requirements was well within the contemplation of the Court as necessary and reasonable in fashioning the *Dunlap* rule. *United States v. Bryant*, 3 M.J. 396 (C.M.A.1977); *United*

*States v. Larsen*, 1 M.J. 300 (C.M.A.1975); *United States v. Young*, 2 M.J. 524 (A.C.M. R.1976). Further, under the circumstances, this was not an unusually extended period of time for postal transmission and authentication. *United States v. Bryant, supra*; cf., *United States v. Murray*, 4 M.J. 723 (A.F.C.M.R.1977); *United States v. Young, supra*.

Next, the Government seeks to deduct five days of delay occasioned by defense request. On 30 July 1979, the author of the staff judge advocate's review for the convening authority contacted the individual defense counsel indicating that the review was nearing completion. He told the counsel of plans to have the review transported to him on courier aircraft on 31 July 1979 which would place it in counsel's hands on 1 August 1979. He obtained from counsel an assurance that if the review were received as planned, counsel's *Goode*[2] response would be transmitted to the reviewer by electrical message by 3 August 1979. Later, on 30 July 1979, the reviewer had a conversation with the appointed defense counsel who requested that the review not be completed until such time as he could submit additional clemency matters which he wished to be included in the review. The appointed defense counsel followed this telephonic request with an electrical message date 31 July 1979 which set forth the matters which were to be included in the review. This message was copied into the review and the review was completed on 3 August 1979. Because of this last minute request, however, the delivery of the review to the individual defense counsel was delayed. The review was served on counsel on 6 August 1979 and his *Goode* response was transmitted by electrical message dated 10 August 1979. The convening authority's formal action was promulgated on 14 August 1979.

2. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

3. This assumes the defense counsel, as promised, was able to complete and transmit his response in three days rather than the five to

The five days the Government seeks to deduct are the days its efforts to deliver the review to the individual defense counsel were frustrated or delayed by the request of the appointed defense counsel, or the period from 1 August 1979 to 6 August 1979. We perceive the maximum deductible time to be even greater. Under the reviewer's initial proposal to the defense, the earliest the convening authority could have taken his action was 3 August 1979.[3] Following the defense's intervening request, the earliest the convening authority could have taken his action was 10 August 1979. On 10 August 1979 the reviewer was in the same position he would have been in on 3 August 1979, absent the defense request. Nevertheless, this does not alleviate the problem, because the convening authority did not take his action until 14 August 1979. After subtracting the only allowable deductible days the Government remains accountable for 92 days, thereby invoking the *Dunlap* presumption.

We have considered the entire record and find that the Government has not met its heavy burden of showing diligence in this case.

In connection with the disposition to be taken, which is determined by the law applicable to this case, we wish to note our general agreement with a pre-*Dunlap* observation expressed by the Court of Military Appeals in the case of *United States v. Timmons*, 22 USCMA 226, 46 C.M.R. 226 (1973). The Court stated:

> Whatever reason might exist to deplore post-trial delay generally, we are loathe to declare that valid trial proceedings are invalid solely because of delays in the criminal process after trial.

As if in anticipation of our frustration in being constrained to apply the rule of *Dunlap* to this or any "transition" case, the Court of Military Appeals, in the case of *United States v. Sawyer*, 7 M.J. 195 (C.M.A. 1979) footnote 2, cautions:

> which he was entitled under *Goode, supra.* *Goode* does not operate to extend the 90-day period under *Dunlap*. *United States v. Goode, supra*, at 6, footnote 1.

514

It is not altogether clear that the Court of Military Review applied the law of this Court in *Dunlap* to the resolution of the case at bar. While that court did couch its conclusion in terms consistent with *Dunlap*, there is considerable disturbing language in the body of the opinion which not only indicates a dislike of the *Dunlap* rule, but a disdain for it sufficient to cause that court not to follow it. However, in light of the Court's admonition in *United States v. Heflin*, 1 M.J. 131, 132–3 n. 6 (C.M.A.1975), we assume the disposition below followed application of the *Dunlap* standard.[4]

The findings and sentence are set aside. The charges are dismissed.

EARLY, Chief Judge and MAHONEY, Judge, concur.

UNITED STATES

---

4. The Court of Military Appeals adhered to the *Dunlap* rule in *United States v. Sawyer*, 7 M.J. 195 (C.M.A.1979), as it did in *United States v. Banks*, 7 M.J. 92 (C.M.A.1979), itself where the change in the rule was announced.