UNITED STATES, Appellant,

v.

Bobby E. JACKSON, Private First Class,
U. S. Army, Appellee.

UNITED STATES, Appellant,

v.

Daniel R. MONTIHO, Private, U. S.
Army, Appellee.

UNITED STATES, Appellant,

v.

Gregory HARRIS, Private First Class, U.
S. Army, Appellee.

Dkt. Nos. 39,017; 39,018; 39,211.
CM 438708, CM 438658, SPCM 14257.

Court of Military Appeals.

April 20, 1981.

For Appellant—*Colonel R. R. Boller, Major Ted B. Borek, Captain Rexford L. Bragaw, III* and *Captain Stephen D. Smith* (on brief).

For Appellee (Jackson)—*Colonel Edward S. Adamkewicz, Jr., Major Grifton E. Carden* and *Captain Melvin Abercrombie* (on brief).

For Appellant—*Colonel R. R. Boller, Major Ted B. Borek* and *Major Douglas P. Franklin* (on brief).

For Appellee (Montiho)—*Colonel Edward S. Adamkewicz, Jr., Major Elliott J. Clark, Jr.* and *Captain Michael K. King* (on brief).

For Appellant—*Colonel R. R. Boller, Major Ted B. Borek, Captain Brian X. Bush* and *Captain Charles A. Cosgrove* (on brief); *Captain Michael C. Chapman,* Captain Paul G. Thompson.

For Appellee (Harris)—*Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Grifton E. Carden* and *Captain Robert D. Ganstine* (on brief).

*Opinion of the Court*

PER CURIAM:

In each of the decided cases herein, the Judge Advocate General of the Army has certified the identical question. 9 M.J. 42, 117 (1980). The question is:

WHETHER THE POST–TRIAL PROCESSING TEST FOR PREJUDICE ENUNCIATED IN *UNITED STATES V. BANKS,* 7 M.J. 92 (C.M.A.1979), APPLIES WHERE A TRIAL WAS CONCLUDED PRIOR TO THE DATE OF THE *BANKS* DECISION, THE ACTION OF THE CONVENING AUTHORITY WAS NOT TAKEN WITHIN THE TIME PRESCRIBED BY *DUNLAP V. CONVENING AUTHORITY,* 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974), AND

THE ACCUSED HAD THE OPPORTU-NITY TO DEMONSTRATE PREJU-DICE FROM AN ALLEGED DENIAL OF SPEEDY POST-TRIAL PROCESS-ING DURING THE COURSE OF AP-PELLATE REVIEW.

We answer the question in the negative.[1] In each of the three cases under consideration here the Army Court of Military Review correctly follows the dictates of *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

The rationale of *United States v. Banks*, 7 M.J. 92 (C.M.A.1979), became the standard for testing post-trial delay as to all cases *tried* on or after June 18, 1979.[2]

The decision of the United States Army Court of Military Review in all three cases is affirmed.

EVERETT, Chief Judge (dissenting):

In my opinion in *United States v. Johnson*, 10 M.J. 213 (C.M.A.1981), I explained the reasons for my view that, after this Court's decision in *United States v. Banks*, 7 M.J. 92 (C.M.A.1979), the rule established in *Dunlap v. Convening Authority*, 23 U.S. C.M.A. 135, 48 C.M.R. 751 (1974), had no further vitality. I still find no basis for dismissing charges of which an accused was found guilty simply because of a 90-day delay in post-trial review by the convening authority. Therefore, I must dissent.

1. *See United States v. Johnson*, 7 M.J. 473 (C.M.A.1979); *United States v. Mosley*, 7 M.J. 209 (C.M.A.1979); *United States v. Tucker*, 7 M.J. 209 (C.M.A.1979); *United States v. Sawyer*, 7 M.J. 195 (C.M.A.1979).

2. For an excellent discussion of the question of effective date in *United States v. Banks*, 7 M.J. 92 (C.M.A.1979), read *United States v. Johnson*, 10 M.J. 213 (C.M.A.1981).