whose benefit the delay in fact accrued", as *Cole* requires us to do, we conclude that it accrued to the defense's benefit and was in fact for defense purposes. The defense needed the psychiatric examination and needed the presence of both counsel to prepare its case. Further support for this conclusion is found in the defense's request for a continuance at the end of the 10 February Article 39(a) UCMJ session and the expressed willingness to "take" the delay until the final session of the trial.

 The contested periods of delay are chargeable to the defense and thus deductible in computing the 90-day period of pretrial confinement. As the deductions reduced the period below 90 days, *Burton* is not applicable. Viewing the speedy trial motion under Article 10, UCMJ, in its non-*Burton* aspect and under normal Sixth Amendment grounds, we find the government proceeded with reasonable dispatch and without any "purposeful or oppressive design to delay the trial." *United States v. Rogers,* 7 M.J. 274 (C.M.A.1979).

The findings of guilty and the sentence are affirmed.

Judge McKAY and Judge HANFT concur.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Charles A. Byler, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Michael L. De-Busk, JAGC, and Captain Peter M. Donawick, JAGC, were in the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

### OPINION OF THE COURT

PER CURIAM:

The appellant was convicted of wrongful possession and sale of marihuana in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934. His approved sentence extends to bad-conduct discharge, confinement at hard labor for four months, forfeiture of $200.00 pay per month for four months and reduction to the lowest enlisted grade.

The appellant asks us to return to the presumption-of-prejudice test announced in *Dunlap v. Convening Authority,* 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974), and dismiss the charges in this case because of the

**UNITED STATES, Appellee,**

v.

**Specialist Four Edward C. LEWIS, SSN 244–08–1198, United States Army, Appellant.**

**SPCM 16732.**

U. S. Army Court of Military Review.

30 June 1982.

132-day delay between trial and the action of the convening authority. However, we are bound by *United States v. Banks*, 7 M.J. 92 (C.M.A.1979), which requires a showing of prejudice. We are satisfied that the appellant was not prejudiced by this delay. Nevertheless, it would behoove staff judge advocates from time to time to reflect on Chief Judge Everett's cautionary words: "[I]f the problem of post-trial delay occurs frequently in the future, the Court will have to consider resurrecting the *Dunlap* presumption of prejudice." *United States v. Johnson*, 10 M.J. 213, 218 (C.M.A.1981) (Chief Judge Everett, concurring in the result).

The remaining assignments of error have been determined adversely to the appellant.

The findings of guilty and the sentence are AFFIRMED.

UNITED STATES, Appellee,

v.

**Specialist Four Franklyn McKNIGHT, SSN 250–13–8327, United States Army, Appellant.**

**CM 441341.**

U. S. Army Court of Military Review.

30 June 1982.

Major Raymond C. Ruppert, JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Judson W. Roberts, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Rexford T. Bragaw, III, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.