**UNITED STATES**

v.

**Senior Airman Henning L. JENSEN, FR 573–33–7282 United States Air Force.**

**ACM S25841.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 Aug. 1982.

Decided 17 June 1983.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams Jr.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

## DECISION

SNYDER, Judge:

Tried by military judge sitting as a special court-martial, the accused was convicted, contrary to his pleas, of possession, use, and transfer of marihuana in the hashish form, in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. His sentence extends to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $200.00 per month for five months, and reduction to airman basic. He has assigned two errors for our consideration. Finding no error, we affirm.

### I

The initial assignment of error is that the military judge erred in admitting a letter of reprimand (LOR) into evidence during the sentencing portion of the trial. The document reprimanded the accused for a positive urine test indicating the presence of tetrahydrocannabinol (THC), the active ingredient of marihuana.

Trial defense counsel objected on the ground that the reliability of the scientific test which detects THC had not been determined. His alternative objection was that admission of the document would result in prejudice to the accused in excess of the probative value of the document. Mil.R. Evid. 403.

However, before this Court the accused is asserting an additional ground not presented to the trial court below. He now contends that admission of the document was barred by Air Force Regulation 30–2, Social Actions Program, para. 4–2d(1), dated 22 June 1981, as it existed on the date of trial.

■ We hold that the military judge was correct in overruling the objection and admitting the document. We note that the accused essentially sought to relitigate the

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Robert J. McHaney Jr., USAFR.

merits of issuing the LOR, rather than presenting extenuating matters which may have lessened the impact of the LOR. The defense was not precluded from arguing the reliability of the test to persuade the fact finder on the weight to be accorded the LOR. Here, however, the defense tactic constituted the interjection of a collateral matter. This is not permitted in the court-martial forum. M.C.M., para. 75c.

■ Moreover, a review of the relevant portions of AFR 30–2 illustrates that the defense reliance on the regulation is misplaced. AFR 30–2, para. 4–2d, provides, in part, that urine testing is done in accordance with Air Force Regulation 160–23, Drug Abuse Testing Program, 23 March 1978. One key factor is readily apparent upon initial review of AFR 160–23; *it encompasses urine testing under circumstances other than the Social Actions rehabilitation program.* Therefore, unless the accused's test was for rehabilitation, his assignment of error is without merit.

At the time of trial, some of the goals of the urine testing program were: to identify persons who need treatment and rehabilitation services, and to *deter* persons from drug abuse. AFR 160–23, para. 1a and c (emphasis added). AFR 160–23, para. 2 explains some of its applicable terms as follows:

  e.  type of testing.

  (2) Sweep Testing. Commanders may direct entire sections, units, or parts of the military population to give urine specimens if there is reason to suspect drug abuse is a problem.

  (4) Rehabilitation testing. A member in drug rehabilitation is urine-tested at least twice a month on a no-notice basis.

The referenced portions reflect that AFR 160–23 distinguishes between urinalysis directed in conjunction with rehabilitation and those done for deterrence purposes.

The record of trial in the case *sub judice* reflects that the accused was detected as a result of his entire squadron being administered a sweep test, which means the accused's urinalysis was directed for purposes of deterrence. Thus, admitting the LOR did not violate the provisions of AFR 30–2 in force at the time of trial.[1]

## II

■ The final assignment of error is that the accused was prejudiced as a result of an unreasonable 154 day delay in the post-trial disposition of his case.[2] The specific prejudice claimed is that the delay precluded the accused from being confined at the CRS.

The allegation of prejudice is essentially constructed from language in the review of the staff judge advocate which stated, in part, that "there would be little or no time for the accused's entry into the retraining program."

On the immediate facts, we discern no prejudice to the accused. The convening authority did not designate the CRS as the place of confinement. Thus, the accused is arguing that the supervisory authority may have considered him a stronger candidate for restoration than did the convening authority. We have carefully assessed the review in its entirety. It indicates that the comments in question were made in the process of stating *all* options in the interest of thoroughness. When such is done, it does not mean that the options stated are or were potentially viable. This conclusion is supported by the following:

  a.  The prelude to the contested language contained the following: "As far as his entry in to the retraining program at

---

1. Trial defense counsel objected on an unrelated basis; had the military judge's ruling been erroneous, we would have applied the more limited scope of review test of whether the accused suffered material prejudice to a substantial right. Mil.R.Evid. 103(a)(1). That standard would be applicable because presenting additional evidentiary theories on appeal is inconsistent with the timeliness requirement of Rule 103(a). *United States v. Sims,* 617 F.2d 1371 (9th Cir.1980).

2. The sentence was adjudged on 6 August 1982, and the convening authority took action on the findings and sentence on 27 September 1982. The review of the staff judge advocate is dated 28 December 1982, and the supervisory authority's action is dated 7 January 1983.

Lowry Air Force Base is concerned, *even if deemed desirable...*" (emphasis added)

b. The acting staff judge advocate in his concurrence specifically stated that he did not view the accused as worthy of restoration.

Simply stated, the accused was not in a "but for the delay" situation. We are convinced as a matter of fact that the accused was never a viable candidate for the CRS and, therefore, the delay in question did not prejudice any opportunity to be confined therein.

Finding no prejudice, we are convinced that the delay, standing alone, does not require relief. *United States v. Timmons,* 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973); *United States v. Banks,* 7 M.J. 92 (C.M.A. 1979). Contrary to the cases cited by the accused, wherein the record *and* the review were brief, the review in the case *sub judice* was lengthy and thorough. Thus, the brevity of the record of trial is not significant.

We continue to emphasize that the result in *United States v. Banks, supra,* must not lead to complacency. Recurrence of delays such as the one encountered by this accused merely accelerates the downhill return to the onerous, mechanical rule of *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), where perfectly valid convictions were overturned due to post-trial delay. While accepting the principle that records must be prioritized,[3] the magnitude and length of this accused's 70-page record surely does not normally require three months at the supervisory authority's level.

■ This accused used marihuana on a near daily basis, a significant degree of the use occurring during duty hours. Additionally, he helped finance the procurement of marihuana, which he smuggled into the Federal Republic of Germany and eventually assisted in transferring to fellow airmen. Contrary to the accused's post-trial assertion, the record reflects a willing participant and partner rather than one whose will power was unduly influenced by a non-commissioned officer. Accordingly, we find the sentence entirely appropriate.

The findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and RAICHLE, Judge, concur.

---

**3.** Government's Motion for Leave to file affidavit is GRANTED solely as to the fourth and fifth paragraphs, page 1, of the affidavit; and

DENIED as to the remainder. Appellate Defense's Motion for Leave to file Supplemental Brief is GRANTED.