**UNITED STATES**

v.

**Airman First Class David G. KOZIEJ, FR 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, United States Air Force.**

**ACM 24149.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 Feb. 1983.

Decided 26 April 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Captain Kevin L. Daugherty and Captain Teresa J. Stremel, USAFR.

Before FORAY, SNYDER and O'HAIR Appellate Military Judges.

DECISION

FORAY, Senior Judge:

The accused's trial by general court-martial resulted in his conviction of five offenses [1] and a sentence extending to a bad conduct discharge, confinement at hard labor for three years, total forfeiture, and reduction to the grade of airman basic.

The sole claim on appeal is:

THE ACCUSED WAS DENIED HIS RIGHT TO THE PROMPT COMMENCEMENT OF APPELLATE REVIEW.

The chronology of events regarding the post-trial processing of this trial relevant to the issue shows:

A. Trial proceedings concluded 11 February 1983.

B. Record of trial received by officer authorized to convene the general court-martial on 26 March 1983.

C. Staff judge advocate's review of the trial completed 16 June 1983.

D. Action of the convening authority taken 22 July 1983.

E. Record of trial forwarded to The Judge Advocate General on 9 November 1983 for review by this Court.

It is the 109 day delay from the date of the convening authority's action to the date

---

1. Possession of marihuana, possession of LSD, absence without leave, and burglary in violation of Articles 134, 92, 86, 121, and 129, 10 U.S.C. §§ 934, 892, 886, 921, 929 respectively.

the record of trial was forwarded for appellate review which forms the basis of appellant's claim of error.

Appellate Government counsel have submitted an affidavit [2] along with its reply to appellant's assignment of error which attempts to provide an explanation for the inordinate delay complained of. The affiant [3] states the delay in the forwarding of the case for further review was the result of a breakdown of the "system" and the exact cause of that breakdown is unknown. An attachment to the affidavit attributes the failure to promptly forward the record for review to "administrative oversight." The affiant further offers that there was no purposeful intent on anyone's part to delay the processing of the case.

Appellant does not claim any specific prejudice arising from the delay nor does he attribute the delay to any "evil motive" on the part of anyone involved in the post-trial process. Citing this Court's decision of *United States v. Milan* [4] appellant prays:

WHEREFORE, if findings are affirmed, a sentence of no sentence should be affirmed, and the Court should announce that this will be the result in every case wherein review is mandatory under Article 66(b) and the record is not dispatched within 10 days of action by the GCM convening authority.

In *Milan*, this Court considered the accused's claim that he had been denied his right to a prompt post-trial review of his case. The questioned delay totalled 237 days which included 132 days from the date of the convening authority's action and the receipt of the record of trial by The Judge Advocate General. The Court, relying on *United States v. Banks*, 7 M.J. 92 (C.M.A. 1979), finding no specific prejudice to the accused affirmed the approved findings and sentence in the case.

In *Banks*, the Court of Military Appeals stated that in cases tried subsequent to that opinion, applications for relief resulting from a delay in the final action of the convening authority will be tested for prejudice. Thus, the inflexible application of the *Dunlap* [5] rule was no longer required. In *Dunlap*, the Court ruled:

... a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial.

Although *Dunlap* and *Banks* addressed unreasonable delays between trial and the action of the convening authority, we, nonetheless, find that concern is equally applicable concerning a post-trial delay such as the one we now confront. *United States v. Sutton*, 5 M.J. 709 (A.F.C.M.R. 1978). *See also United States v. Green*, 4 M.J. 203 (C.M.A.1978).

Appellant's prayer for relief is founded upon the admonition given by this Court in *Milan* regarding post-trial delays. It warned:

Such delays must cease. If unwarranted delays continue, we may ourselves initiate a prophylactic rule more strict than *Banks*, affirming the findings but approving lesser sentences or no sentence—even if there is no adequate showing of prejudice justifying dismissal of charges. (Citations omitted).

We do not find that the number of cases where the convening authority has unreasonably delayed forwarding a record of trial for appellate review by this Court has reached those proportions requiring mandating the "prophylactic" rule suggested in *Milan*. To establish the rule as espoused by appellant we would have to ignore the realities of the procedural aspects involved in the preparation of a record of trial after

---

2. Appellee's Motion To File Documents is granted.

3. Director, Military Justice, Headquarters, United States Air Forces In Europe.

4. 16 M.J. 730 (A.F.C.M.R.1983).

5. 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

action for further review. It would also require us to ignore the vicissitudes of the operational responsibilities imposed upon commanders authorized to exercise general court-martial jurisdiction. The better rule to enforce is one which provides relief where prejudice has been shown. *United States v. Shely*, 16 M.J. 431 (C.M.A.1983); *United States v. Sutton*, 15 M.J. 235 (C.M.A.1983); *United States v. Clevidence*, 14 M.J. 17 (C.M.A.1982); *United States v. Banks, supra.* We, like the Court of Military Appeals, "are loathe to declare that valid trial proceedings are invalid solely because of delays in the criminal process after trial." *United States v. Timmons*, 2 U.S.C.M.A. 226, 46 C.M.R. 226 (1973).

Although the delay after action in this case was unreasonable and unexplained we perceive no prejudice to the accused.[6] Accordingly, the findings of guilty and sentence are

AFFIRMED.

SNYDER, Judge, concurs.

O'HAIR, Judge, not participating.

**6.** The convening authority in this case terminated the exercise of general court-martial jurisdic-

tion effective 1 January 1983, except for those cases ordered tried by him before that date.