UNITED STATES, Appellee,

v.

Bryan D. JENKINS, Aviation Electrician's Mate Airman Recruit U.S. Navy, Appellant.

No. 68,473.
CMR No. 91 2237.

U.S. Court of Military Appeals.

Submitted March 29, 1993.

Decided Sept. 29, 1993.

For Appellant: *Lieutenant James Douglas*, JAGC, USNR (on brief).

For Appellee: *Colonel T.G. Hess*, USMC and *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN (on brief); *Commander W.F. Shields*, JAGC, USN.

PER CURIAM:

We granted appellant's petition to determine whether he suffered substantial prejudice from the delay incurred in processing his case through the military justice system.

On November 21, 1985, appellant appeared before a military judge sitting as a special court-martial at Naval Station, San Diego, California. Following acceptance of his negotiated plea, appellant was convicted of multiple drug violations [1] and sentenced, inter alia, to a bad-conduct discharge and confinement for 80 days. The military judge authenticated the record on December 9, 1985, and defense counsel received it 2 days later.[2]

Following this efficient work, however, the original record in appellant's case apparently got lost. A copy of the record of trial first surfaced over 4 years later in the Naval Appellate Leave Activity. This copy contained neither a staff judge advocate's recommendation, a convening authority's action, nor any indication of appellant's desires for appeal or appointment of counsel.

---

1. Appellant was convicted of one specification each of wrongful possession of marijuana, wrongful use of marijuana, wrongful possession of amphetamines, and wrongful use of amphetamines, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a.

2. Appellant did not receive his copy of the record until August 31, 1990, some 4 years and 9 months after trial.

The Appellate Leave Activity returned the copy of the record to an officer who could exercise general court-martial jurisdiction. In relatively short order a staff judge advocate's recommendation was prepared and tendered to defense counsel, who responded quickly. In that response, counsel argued that portions of the record were unreadable and that the delay incurred warranted setting aside the findings and sentence.

In the interim, a document purporting to be a court-martial order in appellant's case was discovered in the Naval Appellate Leave Activity. The document was signed on March 14, 1987, about 15 months after trial (actually 479 days). The document was also sent to the command processing the case.

On September 7, 1990, the staff judge advocate prepared an "addendum" to his original recommendation and served it on defense counsel on October 4, 1990. The addendum advised the convening authority[3] that the action set forth in the March 14, 1987, document appeared to be "legally sufficient" but that, as the successor convening authority, he should issue a supplemental order "ratifying the original action." In discussing the delay, the staff judge advocate described it as a "non issue." However, he went on to note that appellant had demonstrated no harm and would not be entitled to relief under the case law.

Defense counsel again responded and once more asserted that the delay warranted relief. On October 16, 1990, the staff judge advocate forwarded the entire package to the convening authority, noting that defense counsel had been tendered the addendum and had responded. He stated that the response "is a repeat of previous matter" and that "no further discussion" was required.

On July 16, 1991, about 10 months later (273 days), the convening authority signed a "Supplementary Special Court–Martial Order" ratifying the action purportedly taken in the document dated March 14, 1987. The record was then returned to the Naval Appellate Review Activity for action by the Court of Military Review. Counsel submitted the case to the court below (after seven defense extensions of time) on May 20, 1992, 6 and 1/2 years after the date of trial, and the court issued its opinion on July 30, 1992.

■ We have repeatedly denounced unexplained delays in the post-trial processing of courts-martial. See United States v. Sowers, 24 MJ 429 (CMA 1987) (summary disposition); United States v. Shely, 16 MJ 431 (CMA 1983). We agree with appellant that the delay in this case is far from acceptable. However, such delay standing alone is not sufficient to set aside the findings and sentence. An appellant seeking such relief must demonstrate some real harm or legal prejudice flowing from that delay. United States v. Shely, supra; Gentry, 14 MJ 209 (CMA 1982).

■ Appellant contends that he suffered economic harm from the failure to take prompt action on his case. He asserts that, because he had no evidence of his separation from the service,[4] he lost employment because (1) he was unable to show that he had been trained as an electronics technician in the Navy, and (2) he could not avail himself of a state program to assist veterans in the purchase of a home. He also argues that he forfeited pay in the form of accrued leave for which he would have been paid on separation.

We are not persuaded by appellant's arguments on these points. First, he was required to utilize his accrued leave when going into excess leave to wait appellate review. Para. 10a, Secretary of the Navy

---

3. The officer who took final action on this case was the successor commander to the one who originally con·-re ᵤ ned the court-martial. Because there is no legal significance to this fact, we will refer to him as the convening authority.

4. Commonly known as a DD Form 214.

Instruction 1050.1A.[5] Further, to receive payment for his unused accrued leave, a servicemember must be discharged "under honorable conditions." 37 USC § 501(b)(1) and (a)(1).

Similarly, the housing purchase program to which appellant refers requires that the veteran's service be honorable to allow participation. Tex.Admin.Code tit. 40 § 177.-5(b)(4); *see* V.T.C.A. Natural Resources Code Annotated § 162.001(a)(8) (West 1991). Manifestly, a separation with a punitive discharge is not indicative of honorable service.

Finally, appellant's claim of lost employment is speculative. According to his affidavit at the court below, he was interviewed by Bell Helicopter for a job at its plant in Amarillo, Texas, but could not be hired because he could not establish his Navy rating as an electronics technician without his DD 214. This claim is unsupported by any independent evidence. Furthermore the record before us discloses a history of drug abuse prior to this court-martial. Even if action had been taken on this case in a timely manner, appellant would have had "bad paper" with the underlying offenses again being drug related.

Lastly, and most telling, appellant, himself, did nothing to ascertain the status of his case during the many months of inactivity. Had he been prejudiced, we are certain he would have complained.

We conclude that appellant has not shown substantial prejudice. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a).

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

---

**5.** At the request of the Government, we have previously taken judicial notice of the content of this regulation.