**UNITED STATES, Appellee**

v.

**Cecilio A. HUDSON, Gunnery Sergeant U.S. Marine Corps, Appellant.**

No. 96–0894.
Crim.App. No. 94 1691.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 4, 1997.

Decided June 24, 1997.

For Appellant: *Lieutenant E. Rubiella,* JAGC, USNR (argued); *Captain J.F. Havranek,* USMC.

For Appellee: *Lieutenant Bennett J. Lee,* JAGC, USNR (argued); *Colonel Charles Wm. Dorman,* USMC and *Commander D.H. Myers,* JAGC; USN (on brief); *Lieutenant Andrew J. Waghorn,* JAGC, USNR.

*Opinion of the Court*

COX, Chief Judge:

On March 25 and 26, 1992, appellant was tried by a general court-martial, which included enlisted members, at Marine Corps Base, Camp Pendleton, California. Following acceptance of a negotiated plea, he was found guilty of rape (3 specifications), sodomy with a child, and taking indecent liberties with a child, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively. Appellant's sentence included 10 years' confinement and a dishonorable discharge.

The record of trial was authenticated on June 22, 1992. A clemency petition was submitted by the detailed defense counsel on October 25, 1992. No further action occurred until August 1993 when the detailed counsel was released from active duty and replaced by substitute defense counsel. On

February 11, 1994, the staff judge advocate (SJA)'s recommendation was completed, but it was not served on substitute defense counsel until almost 30 days later. The substitute defense counsel filed comments on April 5, 1994, and objected to the delay in the action by the convening authority. Thereafter, the substitute counsel was relieved as defense counsel, with the consent of appellant, because of permanent change of station orders. A second substitute defense counsel was appointed, who promptly submitted another objection to the delay in the review process. Finally, on July 11, 1994, the SJA completed his review of the clemency actions, and the record was acted on by the convening authority on July 13, 1994. Other than substitution of counsel, understandable due to the time which elapsed between trial and final action by the convening authority, there is no explanation for the delays in the post-trial processing of this case.

During this period of approximately 839 days, appellant was confined in the Camp Pendleton Brig. He was subsequently transferred to the United States Disciplinary Barracks at Fort Leavenworth, Kansas.

We granted appellant's petition for review on the following issue:

> WHETHER AN 839–DAY DELAY BETWEEN THE TRIAL AND THE CONVENING AUTHORITY'S ACTION VIOLATED APPELLANT'S RIGHT TO A SPEEDY REVIEW.

For the reasons set forth below, we hold that appellant's rights have not been prejudicially violated.

■ We have repeatedly denounced unexplained delays in the post-trial processing of courts-martial. *See United States v. Jenkins,* 38 MJ 287 (CMA 1993); *United States v. Sowers,* 24 MJ 429, 430 (CMA 1987) (summary disposition); and *United States v. Shely,* 16 MJ 431 (CMA 1983). We agree with appellant that the delay in this case is far from acceptable. However, the delay alone is not sufficient to justify relief. The legal standard applicable to such delay is demonstration by appellant of some real harm or legal prejudice as the result of the delay.

*United States v. Jenkins* and *United States v. Shely,* both *supra.*

Appellant invites this Court to abandon the "prejudice" standard and the cases which have followed our decision in *United States v. Banks,* 7 MJ 92 (CMA 1979), and establish a "BRIGHT LINE" test, such as the "90–day" rule formerly enunciated in *Dunlap v. Convening Authority,* 23 USCMA 135, 48 CMR 751 (1974). In *Banks,* we observed that convicted service persons enjoyed protections not developed when *Dunlap* was decided, so we abandoned the "inflexible application of the rule to cases" acted on after the date of that decision. 7 MJ at 93. We announced that "applications for relief" due to "delay of final action by the convening authority" would "be tested for prejudice." 7 MJ at 94.

In *Jenkins,* we relied on Article 59(a), UCMJ, 10 USC § 859(a), to test for prejudicial error. We will apply this test to appellant's claim of error.

■ The only prejudice which appellant brings to this Court's attention is the delay in his transfer to the Disciplinary Barracks at Fort Leavenworth, Kansas, and the claimed, resultant delay in making himself eligible for parole or clemency. However, since his transfer to the Disciplinary Barracks, he has been considered for parole on three occasions and denied parole on each separate occasion. Further, the severity of the offenses, the guidelines for considering parole (see § section 503, SECNAVINST 5815.3H), and appellant's own affidavits make his claim speculative, if not wishful thinking.

■ We are not persuaded by appellant's arguments on these points. The claims of appellant are unverified and speculative and, therefore, do not rise to the level of a showing of real harm or legal prejudice required to set aside the findings and sentence in this case. *United States v. Jenkins, supra.* Without the showing of prejudice, we are loath to declare that valid trial proceedings are invalid solely because of delays in the criminal process after the trial. *United States v. Timmons,* 22 USCMA 226, 46 CMR 226 (1973).

In this case, there is no prejudice to appellant, and no useful purpose would be served by ordering a dismissal of the charges. Appellant urges this Court to use its "supervisory jurisdiction" to grant relief. Unlike our decisions in *United States v. Clevidence*, 14 MJ 17 (CMA 1982), and *United States v. Sutton*, 15 MJ 235 (CMA 1983), this case involves serious crimes of violence. There is no showing that appellant has lost employment opportunities or suffered similar prejudice.

We are mindful that continued examples of inordinate and unreasonable delay may require a return to a "Draconian Rule," similar to *Dunlap*. However, we conclude that appellant has not shown substantial prejudice in this case. Art. 59(a).

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Judges CRAWFORD, GIERKE, and EFFRON concur.

SULLIVAN, Judge (concurring lightly):

An unexplained delay of 839 days between the close of the criminal trial and the action of the convening authority is outrageous and has no place in the superior justice system which the military has. Nevertheless, without prejudice being shown, I will affirm this case. In the future, our court system may devise a more perfect system of accountability and responsibility which seldom has to lean on the twin crutches of "no prejudice" and "waiver" to achieve just results.