# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JOSEPH A. BRANDT**
**United States Army, Appellant**

ARMY 20100294

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge
Colonel Michael J. Benjamin, Staff Judge Advocate (pretrial)
Colonel Francis P. King, Staff Judge Advocate (recommendation and addendum)

For Appellant:  Major Richard E. Gorini, JA; Captain Richard M. Gallagher.

For Appellee:  Pursuant to A.C.C.A. Rule 15.2, no response filed.

23 December 2011

------------------------------------
SUMMARY DISPOSITION
------------------------------------

ALDYKIEWICZ, Judge:

This case was submitted to this court without assignment of error.  On 12 March 2010, 26 March 2010, and 12-13 April 2010,[1] an officer panel sitting as a general court-martial convicted appellant, contrary to his plea, of abusive sexual contact with a child, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2008) [hereinafter UCMJ].  On 10 February 2011, the convening authority approved the adjudged sentence of reduction to the grade of Private E1, forfeiture of all pay and allowances, confinement for six months, and a dishonorable discharge.

The court notes that the detailing, qualifications, and status as to oath of one of appellant's two defense counsel, Captain Joseph Godbey [hereinafter CPT G], was

---

[1] Court sessions were conducted on 12 and 26 March 2010 pursuant to Article 39(a), UCMJ; the court was assembled on 12 April 2010; trial occurred on 12-13 April 2010.

never placed on the record, either orally or in writing. Additionally, the post-trial processing of appellant's case, from trial to action, took 303 days, a post-trial delay triggering a *Moreno* due process analysis. *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006).

On 12 March 2010, the military judge fully advised appellant of his rights to counsel, ensuring he understood his rights. Appellant elected, at that time, to be represented by Captain Travis P. Sommer [hereinafter CPT S], an officer qualified and certified under Article 27(b), UCMJ, sworn under Article 42(a), UCMJ, and detailed by the Fort Bliss senior defense counsel. On 26 March, the government augmented the prosecution team by one additional attorney, as did the defense, who added CPT G. Unlike the new prosecutor, however, who stated his detailing, qualifications, and status as to oath on the record, CPT G did not. After the new trial counsel noted the physical presence of CPT G, the military judge asked appellant: if he recalled their discussion two weeks earlier regarding his rights to counsel, to which appellant replied in the affirmative; whether he wanted the rights repeated, to which appellant replied in the negative; whether appellant had any questions about his rights to counsel, again resulting in a negative reply; and by whom appellant wished to be represented. Appellant requested CPT S and CPT G and no one else. A similar colloquy occurred on 12 April when appellant again indicated he understood his rights, did not want them repeated, had no questions about his rights, and desired to be represented by CPT S and CPT G and no one else. Captain G's failure to state detailing, qualifications, and status as to oath on the record went unresolved both at trial and during the post-trial processing of the case.

While the military judge erred in failing to obtain defense counsel's detailing, qualifications, and status as to oath on the record,[2] such error, on these facts, is a non-jurisdictional, procedural irregularity. Although not articulated, a review of the record reveals CPT S began as lead counsel and retained that role throughout: he was appellant's sole defense counsel at the Article 32, UCMJ hearing; he and only he signed every pretrial motion; he acted on and initialed every court-martial member questionnaire; he is the only designated counsel in the post-trial and appellate rights advice and requirement to register as a sex offender notice; and he is on record as the counsel to handle appellant's post-trial submissions. In addition to being fully represented by no less than one apparently qualified, certified, and sworn counsel (i.e., CPT S), appellant is not heard to object to the composition or performance of his defense team, either during trial, after trial, or on appeal before

---

[2] "The Chief, USATDS details trial defense counsel for GCMs and SPCMs. This authority may be delegated down to senior defense counsel. Detail of counsel **will be** reduced to writing and included in the record of trial or announced orally on the record at court-martial. The writing or announcement will indicate by whom the counsel was detailed." (Emphasis added). Army Reg. 27-10, Legal Services: Military Justice, para. 6-9 (16 November 2005).

this court. Absent prejudice, of which there is none, relief is not warranted. *See United States v. Ogren*, 52 M.J. 528, 538 (N.M. Ct. Crim. App. 1999).

The next issue before the court is the unexplained post-trial delay. As our superior court noted in *Moreno*, any delay from trial to action in excess of 120 days is "presumptively unreasonable." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). In appellant's case, action was taken 303 days after trial, a presumptively unreasonable delay triggering the *Barker v. Wingo* four-factor analysis: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice" to determine whether appellant was denied due process in the post-trial processing of his case. *Moreno*, 63 M.J. at 135 (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). In addressing prejudice, the *Moreno* court adopted the Fifth Circuit's modification of the *Barker* analysis, focusing on three factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Moreno*, 63 M.J. at 138-39 (citations omitted).

*Barker's* first factor, length of delay (i.e., 303 days), favors appellant. *Barker's* second factor, reasons for delay, also favors appellant. The record is devoid of any explanation for the lengthy post-trial processing of appellant's case. *Barker's* third factor, timely demand for speedy post-trial processing, favors the government. Appellant failed to make any demand for speedy post-trial processing. Finally, *Barker's* fourth factor, prejudice, also favors the government. Appellant failed, either in his post-trial submissions to the convening authority or on appeal before this court, to complain about the post-trial processing of his case. While not dispositive, appellant's "complete lack of effort to seek expeditious processing" is a factor this court can consider when assessing prejudice. *See United States v. Garman*, 59 M.J. 677 (A.C.C.A. 2003). "Had he been prejudiced, we are certain that he would have complained." *United States v. Jenkins*, 38 M.J. 287, 289 (C.M.A. 1993). After careful analysis and consideration of the *Barker* factors, to include the three prejudice sub-factors, we find no deprivation of due process; therefore, no relief is warranted.

Finally, this court considered its Article 66(c), UCMJ, authority to grant relief when there has been unreasonable post-trial delay, notwithstanding the absence of prejudice. *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). In light of all the circumstances, we conclude the post-trial delay in this case does not adversely affect the public's perception of the fairness and integrity of the military justice system; therefore, no relief is warranted.

BRANDT – ARMY 20100294

We have reviewed the matter personally raised under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find it to be without merit.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge KERN and Judge YOB concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4